951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clark STUHR, Plaintiff-Appellant,
v.
Philip HOBSON, Defendant-Appellee.
 No. 91-35143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clark Stuhr, a Washington state prisoner, appeals pro se the district court's denial of his motion for a preliminary injunction in his 42 U.S.C. § 1983 action against prison authorities. In his complaint, Stuhr contended that he was denied clothing and bedding and sought a preliminary injunction to prevent the defendants from engaging in similar conduct in the future. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 3
 We reverse a district court's denial of a preliminary injunction only where the court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Religious Technology Ctr., Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989).
 
 
 4
 One of two alternative tests must be met in order to grant a preliminary injunction. See City of Tenakee Springs v. Block, 778 F.2d 1402, 1407 (9th Cir.1985).
 
 
 5
 The first test requires that a court find (1) the moving party will suffer irreparable injury if the injunctive relief is not granted; (2) there is a substantial likelihood that the moving party will succeed on the merits; (3) in balancing the equities the nonmoving party will not be harmed more than the moving party is helped; and (4) granting injunctive relief is in the public interest.... The second test requires the moving party to demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips sharply in his favor.
 
 
 6
 Id.
 
 
 7
 Here, the district court applied the correct legal standard and denied Stuhr's motion for a preliminary injunction, finding that Stuhr had made no showing of a likelihood of a repetition of the prison officials' behavior. Because Stuhr made no showing of irreparable harm, the district court did not err by denying the motion for a preliminary injunction. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3